**SO ORDERED.**

**SIGNED this 07 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

**IN RE:**

    **JONATHAN MARK HOPKINS and
TERRI JEAN HOPKINS,**

        **Debtors.**                               **Case No. 06-03597-8-JRL
Chapter 7**

_____

## ORDER

The matter before the court is the debtors' motion to set aside the judgment and avoid the lien of Manufacturers Commercial Finance Corp.

Section 522(f)(1) allows the debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) . . . ." 11 U.S.C. § 522(f)(1). Because exemptions are determined on the petition date, a lien must ordinarily exist on the petition date to impair an exemption. In re Pettaway, Case No. 02-02619-8-JRL (Bankr. E.D.N.C. Mar. 10, 2004).

The debtors assert that Manufacturers Commercial Finance Corp. obtained a money judgment in the amount of $11,622.68 against the debtors on December 13, 2002 in Michigan. The

1

debtors have not claimed an exemption in property located in Michigan, so there appears to be no valid judgment lien impairing an exemption. However, as the judgment was unsecured on the petition date, the discharge injunction has invalidated the underlying debt and deprived the judgment on any legal effect.

Based on the foregoing, the court denies the motion to set aside judgment and avoid lien.

**End of Document**