**SO ORDERED.**

**SIGNED this 07 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

**IN RE:**

    JONATHAN MARK HOPKINS and
    TERRI JEAN HOPKINS,

        Debtors.                                 Case No. 06-03597-8-JRL
                                                                  Chapter 7

_____

**ORDER**

       The matter before the court is the debtors' motion to set aside the judgment and avoid the lien of Lease Acceptance Corp.

       Section 522(f)(1) allows the debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) . . . ." 11 U.S.C. § 522(f)(1). Because exemptions are determined on the petition date, a lien must ordinarily exist on the petition date to impair an exemption. In re Pettaway, Case No. 02-02619-8-JRL (Bankr. E.D.N.C. Mar. 10, 2004).

       The debtors assert that Lease Acceptance Corp. obtained a money judgment in the amount of $10,844.67 against the debtors on January 6, 2004 in Craven County, North Carolina. According

1

to the debtors' petition and schedules, the debtors do not own real property in Craven County to which a judgment lien would attach. While the debtors claim that the judgment impairs there exemption in a trailer and personal property, there is no indication that this property was levied upon. As the judgment was unsecured on the petition date, the discharge injunction has invalidated the underlying debt and deprived the judgment of any legal effect.

Based on the foregoing, the court denies the motion to set aside judgment and avoid lien.

**End of Document**